1   +

2

3

4

5              UNITED STATES DISTRICT COURT

6              EASTERN DISTRICT OF WASHINGTON

7   PAMELA A. BAUGHER,

8                    Plaintiff,          NO:  4:16-CV-5095-TOR

9        v.                              ORDER DENYING CROSS
                                         MOTIONS FOR SUMMARY
10  KADLEC HEALTH SYSTEM dba             JUDGMENT AND DEFENDANT'S
    REGIONAL HEALTH CENTER,              MOTIONS TO STRIKE

11
                     Defendant.
12

13        BEFORE THE COURT is Plaintiff's Motion for Summary Judgment (ECF

14  Nos. 15, 31), Defendant's Motion for Summary Judgment (ECF No. 20), and

15  Defendants Motions to Strike (ECF No. 35, 36).  This matter was heard with oral

16  argument on November 8, 2016.  Plaintiff is proceeding *pro se*.  Defendant is

17  represented by Jerome A. Aiken and Peter M. Ritchie.  The Court has reviewed the

18  briefing and the record and files herein, and is fully informed.

19

20

ORDER DENYING CROSS MOTIONS FOR SUMMARY JUDGMENT AND
DEFENDANT'S MOTIONS TO STRIKE ~ 1

**BACKGROUND**

Plaintiff filed the Complaint on July 12, 2016 and an Amended Complaint on September 27, 2016, [1] alleging Defendant: (1) failed to give an adequate medical screening and failed stabilize her emergency medical condition in violation of the Emergency Treatment and Active Labor Act (EMTALA), 42 U.S.C. § 1395dd, (2) failed to accommodate her claustrophobia in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12182(a), and (3) is liable for the tort of intentional inflection of emotional distress.  ECF Nos. 1, 31.  Plaintiff filed the Motion for Summary Judgment on all claims on September 7, 2016, and amended the Summary Judgment on September 27, 2016.  ECF Nos. 15, 31.  Defendant filed a Motion for Summary Judgment on the EMTALA claim on September 19, 2016.  ECF No. 20.

---

[1]    A plaintiff can amend a pleading without leave of the court once as a matter of right "within: (A) 21 days after serving [the pleading], or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15.  Plaintiff filed her Amended Complaint and Summary Judgment on September 27, 2016.  This was the first amended complaint and was timely submitted.

ORDER DENYING CROSS MOTIONS FOR SUMMARY JUDGMENT AND DEFENDANT'S MOTIONS TO STRIKE ~ 2

**DISCUSSION**

**A. Standard of Review**

Summary judgment may be granted to a moving party who demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. For purposes of summary judgment, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed." Fed. R. Civ. P. 56(e)(2); *see also* L.R. 56.1(d).

A fact is "material" if it might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248. A dispute concerning any such fact is "genuine" only where the evidence is such that a reasonable trier-of-fact could find in favor of the non-moving party. *Id.* "[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of

ORDER DENYING CROSS MOTIONS FOR SUMMARY JUDGMENT AND
DEFENDANT'S MOTIONS TO STRIKE ~ 3

his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id.* (internal quotation marks and alterations omitted); *see also First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968) (holding that a party is only entitled to proceed to trial if it presents sufficient, probative evidence supporting the claimed factual dispute, rather than resting on mere allegations). Moreover, "[c]onclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *see also Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment.").

Finally, in ruling upon a summary judgment motion, a court must construe the facts, as well as all rational inferences therefrom, in the light most favorable to the non-moving party, *Scott v. Harris*, 550 U.S. 372, 378 (2007), and only evidence which would be admissible at trial may be considered, *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). *See Tolan v. Cotton*, 134 S. Ct. 1861, 1863 (2014) ("[I]n ruling on a motion for summary judgment, the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." (internal quotation marks and brackets omitted)).

**B. EMTALA**

Also known as the "Patient Anti-Dumping Act," EMTALA requires certain hospital emergency departments[2] to provide an "appropriate medical screening examination within the capability of the hospital's emergency department, including ancillary services routinely available to the emergency department, to determine whether or not an emergency medical condition exists." 42 U.S.C. § 1395dd(a); *see Bryant v. Adventist Health System/West*, 289 F.3d 1162, 1165 (9th Cir. 2002). If an "emergency medical condition" exists, the hospital must, except for circumstances not present here, "stabilize" the patient before release. 42 U.S.C. § 1395dd(b). "Emergency medical condition" is defined as:

> **(A)** a medical condition manifesting itself by acute symptoms of sufficient severity (including severe pain) such that the absence of immediate medical attention could reasonably be expected to result in--
> **(i)** placing the health of the individual . . . in serious jeopardy,
> **(ii)** serious impairment to bodily functions, or
> **(iii)** serious dysfunction of any bodily organ or part . . .

§ 1395dd(e). The term "to stabilize" is defined as providing "such medical treatment of the condition as may be necessary to assure, within reasonable medical probability, that no material deterioration of the condition is likely to result from or occur during the transfer of the individual from a facility . . ." *Id.*

---

[2]    The parties do not dispute that EMTALA applies to Defendant Kadlec.

ORDER DENYING CROSS MOTIONS FOR SUMMARY JUDGMENT AND DEFENDANT'S MOTIONS TO STRIKE ~ 5

### 1. Defendant's Motion for Summary Judgment on EMTALA

Taking all facts and inferences in favor of the Plaintiff[3]: the Plaintiff became ill on July 4, 2016 to the point Plaintiff believed she had a medical emergency and that she may be dying. ECF No. 1 at 2. Plaintiff sought emergency services from Defendant Kadlec, complaining of chest pain. *Id.* The staff made comments, such as: "you sue us and then expect us to help you." *Id.* Despite this, Kadlec admitted Plaintiff for medical services. ECF. No 14 at 2. Plaintiff was taken to a room, but Plaintiff told Kadlec staff that she could not remain in the room, complaining that she may be allergic to the cleaner and that she was claustrophobic, and requested that Kadlec assist her outside of the room. ECF No. 22 at 7-8. Kadlec employees were aware of Plaintiff's high blood pressure. *Id.* at 8. Plaintiff left the room and then Kadlec employees gave her an ultimatum: return to the room or leave the hospital. *Id.* Plaintiff did not return to the room. *Id.* Kadlec then called the Richland Police Department complaining that Plaintiff is refusing to leave. ECF 26 at 4.

Under these facts, a reasonable juror could find that Plaintiff was not given an adequate screening and that Defendant failed to stabilize Plaintiff's emergency

---

[3] This includes the facts for which Plaintiff has personal knowledge and that she supported by declarations under penalty of perjury.

medical condition—high blood pressure—before forcing her to leave.[4]  Thus,

Defendant's Motion for Summary Judgment must be **DENIED.**

**2. Plaintiff's Motion for Summary Judgment on EMTALA**

Taking the facts and inferences in favor of Defendant:[5] Plaintiff sought

medical services on July 4, 2016 from Defendant, complaining of chest pain.  ECF

No. 22 at 9.  Kadlec employees told Plaintiff she was welcome and that they would

do everything they could to help her.  ECF No. 22 at 7.  Plaintiff, "had even

respirations, stood unassisted, spoke in an unlabored voice, and showed no signs of

immediate distress."  ECF No. 22 at 9.  Plaintiff was uncooperative, refused to

provide her name or date of birth, and repeatedly left when Kadlec employees

attempted to give her medical services.  *Id.*  After initially refusing, Plaintiff

allowed Kadlec to take an EKG.  *Id*. at 10.  Apparently Plaintiff became disruptive

---

[4]      Plaintiff need not present expert testimony to survive the motion.

[5]      Much of Defendant's proffered evidence suffers from lack of foundation and
is hearsay, without meeting any of the exceptions to hearsay.  For example, the so-
called medical records Defendant submitted, ECF No. 22 at Ex. A, lack a proper
foundation and contain statements and narratives that are not limited to the medical
diagnosis and treatment exception to the hearsay rule, Fed. R. Evid. 803(4), and are
otherwise inadmissible.

ORDER DENYING CROSS MOTIONS FOR SUMMARY JUDGMENT AND
DEFENDANT'S MOTIONS TO STRIKE ~ 7

1   and Kadlec employees told Plaintiff they would call the police if she did not

2   comply with the privacy and respect of other patients and staff. *Id.* at 7. After the

3   EKG, but before treatment was completed, Plaintiff voluntarily left the emergency

4   room against medical advice and did not return. ECF No. 20 at 5.

5         Under a generous reading of these facts, a reasonable juror could find that

6   Defendant conducted an adequate medical screening of Plaintiff by taking an EKG

7   of Plaintiff, Plaintiff did not suffer from an emergency medical condition that

8   required stabilization, and that even if an emergency medical condition existed,

9   Plaintiff voluntarily left. Thus, on this disputed record, Plaintiff's Motion for

10   Summary Judgment must be **DENIED** with respect to Plaintiff's EMTALA claim**.**

11   **C. ADA**

12         The ADA forbids discrimination against an individual "on the basis of

13   disability in the full and equal enjoyment of the goods, services, facilities,

14   privileges, advantages, or accommodations of any place of public accommodation

15   by any person who owns, leases (or leases to), or operates a place of public

16   accommodation." 42 U.S.C. § 12182(a); *Arizona ex rel. Goddard v. Harkins*

17   *Amusement Enterprises, Inc.*, 603 F.3d 666, 669–70 (9th Cir. 2010).

18         To prevail on a public accommodation discrimination claim, "a plaintiff

19   must show that: (1) [the plaintiff] is disabled within the meaning of the ADA; (2)

20   the defendant is a private entity that owns, leases, or operates a place of public

accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.,* 481 F.3d 724, 730 (9th Cir. 2007). "Disability" under the ADA is defined as "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 USC § 12102. "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working."

Discrimination by public accommodations includes "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such . . . services . . . to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such . . . services . . . ." 42 U.S.C. § 12182(b)(2)(A)(ii). Discrimination also includes the "failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the . . . service . . . being offered or would result in an undue burden." 42 U.S.C. § 12182(b)(2)(A)(iii).

ORDER DENYING CROSS MOTIONS FOR SUMMARY JUDGMENT AND DEFENDANT'S MOTIONS TO STRIKE ~ 9

Plaintiff moves the Court for summary judgment on her ADA claim.[6] Taking the facts and inferences in favor of Defendant, Kadlec personnel attempted to accommodate Plaintiff's claustrophobia by providing several alternative rooms. ECF No. 22 at 7.  A reasonable juror could find these attempts were sufficient and that additional accommodation would alter the nature of the service or impose an undue burden.  At this stage of the proceeding, Plaintiff's Motion for Summary Judgment is **DENIED** as to the ADA claim.

D. **Intentional Infliction of Emotional Distress**

To prevail on a claim for the tort of intentional infliction of emotional distress, the Plaintiff must prove "(1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to plaintiff of severe emotional distress."  *Kloepfel v. Bokor,* 149 Wash.2d 192, 195–96 (2003) (citation omitted).  Defendant's conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  *Id.* at 196 (internal quotation marks and emphasis omitted) (citing *Grimsby v. Samson,* 85 Wash.2d 52, 59-60 (1975)).

---

[6]    Defendant is silent on the ADA claim and only moves for summary judgment on the EMTALA claim.  ECF No. 20 at 6.

ORDER DENYING CROSS MOTIONS FOR SUMMARY JUDGMENT AND DEFENDANT'S MOTIONS TO STRIKE ~ 10

Taking the disputed facts and inferences in the light most favorable to Defendant,[7] Defendant offered its emergency services to Plaintiff, Defendant did not intend to cause any emotional distress, and Defendant's conduct was reasonable in light of the disturbance caused.  ECF No. 22 at 7.  Under this lens and at this stage of the proceeding, Plaintiff's Motion for Summary Judgment is **DENIED** with respect to the ADA claim.

//

//

//

//

//

//

//

//

//

//

---

[7]     As with the ADA claim, Plaintiff, but not Defendant, moves this court to grant summary judgment on the claim of intentional infliction of emotional distress.

ORDER DENYING CROSS MOTIONS FOR SUMMARY JUDGMENT AND DEFENDANT'S MOTIONS TO STRIKE ~ 11

**IT IS HEREBY ORDERED:**

    1.  Plaintiff's Motion for Summary Judgment (ECF Nos. 15, 31) is

        **DENIED**.

    2.  Defendant's Motion for Summary Judgment (ECF No. 20) is **DENIED**.

    3.  Defendant's Motions to Strike (ECF Nos. 35, 36) are **DENIED** as moot.[8]

    4.  The Clerk of Court shall file a Scheduling Conference Notice.

    The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

    **DATED** November 8, 2016.



                  THOMAS O. RICE
        Chief United States Chief District Judge

---

[8]    Defendant moved this court to strike and not consider for the Motion for Summary Judgment a plethora of information from the record presented by Plaintiff.  These requests are moot as the Court is denying Plaintiff's Motion for Summary Judgment.

ORDER DENYING CROSS MOTIONS FOR SUMMARY JUDGMENT AND
DEFENDANT'S MOTIONS TO STRIKE ~ 12