+

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAMELA A. BAUGHER,<br><br>                Plaintiff,<br><br>    v.<br><br>KADLEC HEALTH SYSTEM dba REGIONAL HEALTH CENTER,<br><br>                Defendant. | NO:  4:16-CV-5095-TOR<br><br>ORDER DENYING MOTION TO ENJOIN, ETC. |

BEFORE THE COURT are Plaintiff's Motion to Enjoin (ECF No. 64), Defendant's Motion for Additional Time to Respond (ECF No. 68) and Defendant's Motion to Expedite the same (ECF No. 67), Plaintiff's Motion to Dismiss Complaint (ECF No. 74), and Plaintiff's Motion to Withdraw her Motion to Dismiss Complaint (ECF No. 78).  These matters were heard without oral argument.  Plaintiff is proceeding *pro se*.  Defendant is represented by Jerome A. Aiken and Peter M. Ritchie.  The Court has reviewed the briefing and the record and files herein, and is fully informed.

ORDER DENYING MOTION TO ENJOIN, ETC. ~ 1

The parties are familiar with the facts of the case, Plaintiff's allegations and Defendant's denials.

## DISCUSSION

**A. Motion to Enjoin (ECF No. 64)**

When bringing a motion for a preliminary injunction, a plaintiff must demonstrate: (1) that she is likely to succeed on the merits of her claim; (2) that she is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in her favor; and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). A preliminary injunction can also be issued if "a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," as well as satisfaction of the other *Winter* factors. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011) (citation omitted).

Plaintiff's complaint does not seek injunctive relief, but even if it did, Plaintiff has not shown that the use of the EDIE notification system would be the cause of irreparable harm. According to Defendant, the EDIE notification did not adversely impact Plaintiff's care, but rather, it is used "to improve care for patients by helping providers identify and treat [frequent] users of [the] emergency

department." ECF No. 70 at ¶¶ 6-7.[1]  To the extent a dispute remains, Plaintiff has not yet established the prerequisites for injunctive relief.  At this time, an injunction must be denied.

**B. MOTION TO DISMISS AND WITHDRAWAL (ECF Nos. 74, 78)**

Plaintiff moved to dismiss her complaint on January 20, 2017.  ECF No. 74.  However, on February 1, 2017, Plaintiff sought to withdraw her motion.  ECF No. 78.

Fed. R. Civ. P. 41(a)(1)(A) provides that Plaintiff may only voluntarily dismiss her case without a court order "before the opposing party serves either an answer or a motion for summary judgment . . ."  Defendant has previously filed both.  ECF Nos. 21, 44.  Otherwise, "an action may be dismissed at the plaintiff's request only by court order . . ."  F.R.Civ.P. 41(a)(2).  Plaintiff no longer seeks dismissal.  Accordingly, her motion to withdraw will be granted.

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Enjoin (ECF No. 64) is **DENIED**.

---

[1] Defendant filed its response and supporting declarations on January 11, 2017, thus, its motion for extension of time and motion to expedite (ECF Nos. 67, 68) are moot.

ORDER DENYING MOTION TO ENJOIN, ETC. ~ 3

2. Defendant's Motion for Additional Time to Respond (ECF No. 68) and Defendant's Motion to Expedite the same (ECF No. 67) are **DENIED** as moot.

3. Plaintiff's Motion to Withdraw her Motion to Dismiss Complaint (ECF No. 78) is **GRANTED**. Thus, Plaintiff's Motion to Dismiss Complaint (ECF No. 74) is **DENIED** as withdrawn.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** February 3, 2017.



THOMAS O. RICE
Chief United States Chief District Judge

ORDER DENYING MOTION TO ENJOIN, ETC. ~ 4