UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAMELA A. BAUGHER,<br><br>  Plaintiff,<br><br>  v.<br><br>KADLEC HEALTH SYSTEM dba REGIONAL MEDICAL CENTER,<br><br>  Defendant. | NO: 4:16-CV-5095-TOR<br><br>ORDER ON PENDING MOTIONS |

BEFORE THE COURT are (1) Defendant's Motion for Expedited Hearing (ECF No. 83); (2) Defendant's Motion to Compel Independent Medical Examination (ECF No. 84); (3) Defendant's Motion to Compel Discovery Responses and Production of Medical Records (ECF No. 87); (4) Plaintiff's Motion for Reconsideration (ECF No. 92); (5) Plaintiff's Motion to Dismiss (ECF No. 93); and (6) Plaintiff's Motion to Withdraw Motion to Dismiss (ECF No. 94). The motions were submitted without oral argument. The Court has reviewed the motions and the file therein, and is fully informed.

ORDER ON PENDING MOTIONS ~ 1

# DISCUSSION

## A. Motion to Compel Medical Examination (ECF No. 84)

For "good cause" pursuant to Federal Rule of Civil Procedure 35, "[t]he court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(1),(2). The "in controversy" and "good cause" requirements "are necessarily related." *Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964). This generally requires "an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Id.* at 118.

"A plaintiff in a negligence action who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Id.* at 119. In contrast, a bare allegation that a party is not mentally capable (e.g., of operating a bus) does not establish "good cause" where there is "[n]othing in the pleadings or affidavit[s] [that] would afford a basis for a belief that [the party] was suffering from mental or neurological illness warranting wide-ranging psychiatric or neurological examination." *Id.* at 120; *see also Houghton v. M & F Fishing, Inc.*, 198 F.R.D. 666, 668 (S.D. Cal.

2001) (mental state may not be in controversy when Plaintiff makes only a "garden variety" claim of emotional distress, but courts will order mental examinations when there is a cause of action for intentional or negligent infliction of emotional distress).

Plaintiff claims Defendant's conduct "was a very deliberate—and a very knowing—infliction of tremendous emotional and physical harm . . . ." ECF No. 31 at 3 (capitalization changed). Plaintiff's prayer for relief includes emotional pain and suffering. ECF No. 1 at 2. Consequently, Plaintiff has placed her mental / emotional state in controversy by claiming a right to relief for emotional suffering. The Court finds good cause exists for an examination of Plaintiff. *Schlagenhauf*, 379 U.S. at 119 (internal citation omitted) ("A plaintiff in a negligence action who asserts mental or physical injury, places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury.").

**B. Motion to Compel Discovery Responses and Production of Medical Records (ECF No. 87)**

Defendant complains that Plaintiff inadequately answered the interrogatories propounded and failed to produce relevant medical records. ECF No. 87 at 3. Given Plaintiff's *pro se* status, the responses given for the interrogatory are

sufficient, albeit difficult to follow.[1] However, Plaintiff must produce relevant medical records or give Defendant access to such. The requested information may be relevant to Plaintiff's claim as the medical records are necessary to evaluate Plaintiff's claims of emotional distress. Ten years of records seems to be overly broad, whereas two full years would reasonably encompass the time leading up to the dispute and afterward. Although both parties may be better served, the Court declines Defendant's request to Order Plaintiff to sign a stipulation allowing Defendant to obtain Plaintiff's medical records. ECF No. 87 at 9. The method of production is Plaintiff's choice.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

    1. Defendant's Motion for Expedited Hearing (ECF No. 83) is **GRANTED**.

---

[1] Plaintiff has indicated she will not introduce witnesses, so the Defendant's concern as to this point is moot. ECF Nos. 92 at 1; 87 at 7. Moreover, many purported deficiencies in Plaintiff's response will be cured by providing the responsive medical records. Defendant also complains that Plaintiff described her condition at the time of hospitalization, rather than listing the damages resulting from Defendant's conduct, ECF No. 87 at 6, but Plaintiff has already stated she seeks damages for emotional harm elsewhere. *See* ECF No. 1 at 2.

2. Defendant's Motion to Compel Independent Medical Examination (ECF No 84) is **GRANTED**; Plaintiff shall make herself available for examination at a reasonable time and place **within 21 days** of this Order.

3. Defendant's Motion to Compel Discovery Responses and Production of Medical Records (ECF No. 87) is **GRANTED IN PART**; **within 21 days**, Plaintiff shall provide her medical records (or sign a stipulation granting access to the same) for the two years immediately preceding this Order.

4. Plaintiff's Motion for Reconsideration (ECF No. 92) [2] is **DENIED**.

5. Plaintiff's Motion to Withdraw (ECF No. 94) is **GRANTED.**

6. Plaintiff's Motion to Dismiss (ECF No. 93) is **WITHDRAWN**.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** February 24, 2017.



THOMAS O. RICE
Chief United States District Judge

---

[2] The Motion for Reconsideration does not specify an order that this Court should reconsider, so it is denied. ECF No. 92.